IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES and JULIA GARY, | ) | |
| | ) | |
| Plaintiffs/ | ) | |
| Counter-Defendants, | ) | |
| | ) | |
| v. | ) | No. 08-3241 |
| | ) | |
| GEORGE W. ALEXANDER, and | ) | |
| CAVALLO BUS LINES, INC., | ) | |
| | ) | |
| Defendants/ | ) | |
| Counter-Plaintiffs. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff/Counter-Defendant James Gary's Motion to Dismiss Count I of Counter-Plaintiffs' Counterclaim for Contribution and Damages (d/e 15) (Motion). For the reasons set forth below, the Motion is DENIED.

STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Defendants/Counter-Plaintiffs

1

Cavallo Bus Lines, Inc. (Cavallo), and George Alexander. <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Counterclaim must set forth a short and plain statement of the claim showing that Cavallo and Alexander are entitled to relief. <u>Fed. R. Civ. P.</u> 8(a); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); <u>Airborne Beepers & Video, Inc. v. AT&T Mobility</u>, LLC, 499 F.3d 663 (7th Cir. 2007).

On November 26, 2006, an automobile collision occurred in Missouri between a bus and a truck (the Accident). Plaintiffs James and Julia Gary, husband and wife, were in the truck. Defendant Cavallo owned the bus, and Cavallo employee Defendant George Alexander was driving the bus. James and Julia Gary were injured and brought this action to recover for those injuries. <u>Complaint (d/e 1)</u>. This Court has diversity jurisdiction over the case: James and Julia Gary are citizens of Louisiana, Cavallo and Alexander are citizens of Illinois, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

Cavallo and Alexander filed a Counterclaim against the Garys. <u>Counterclaim for Contribution and Damages (d/e 9) (Counterclaim)</u>. Count

I of the Counterclaim seeks contribution from James Gary (James) for any potential liability to Julia Gary (Julia). Cavallo and Alexander allege that James was driving the truck at time of the Accident. Cavallo and Alexander allege that James' negligence contributed to any injuries that Julia may have suffered, and so, Cavallo and Alexander seek contribution from James as a joint tortfeasor. Cavallo and Alexander allege that they are entitled to contribution pursuant to Illinois law. Counterclaim, ¶ 6.

## ANALYSIS

James moves to dismiss Count I of the Counterclaim on two grounds: (1) Missouri contribution law controls rather than Illinois contribution law; and (2) Cavallo and Alexander are not entitled to contribution from James because James is immune from liability to Julia under the doctrine of spousal immunity.

Both issues are legal and turn on the choice of law. In diversity cases, this Court applies Illinois choice of law principles. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941). Illinois follows the Restatement (Second) of Conflicts of Laws (Restatement Second). Townsend v. Sears, Roebuck and Co., 227 Ill.2d 147, 155, 879 N.E.2d 893, 898 (Ill. 2007). Under the Restatement Second, the Court must analyze

each substantive issue to determine which jurisdiction has the most significant relationship to the issue. Restatement Second, § 145.

Missouri has the most significant contacts on the issue of contribution. The injury occurred in Missouri; the alleged tortious conduct occurred in Missouri; the relationship between the parties exists because they were involved in the Accident in Missouri. Id. Both parties agree that Missouri law applies. Motion (d/e 15), attached Memorandum in Support of Motion to Dismiss Count I of Counterclaim for Contribution, at 3-4; Response to James Gary's Motion to Dismiss Count I of Counter-Plaintiffs' Counterclaim for Contribution and Damages (d/e 18), at 1-2. Thus, James is correct that Cavallo and Alexander erroneously asserted a right to contribution under Illinois law.

Missouri, however, recognizes a right to an action for contribution between joint tortfeasors. Mo. Rev. Stat. §§ 537.060 & 537.067. Cavallo and Alexander have, therefore, set forth a short and plain statement showing that they are entitled to relief. Fed. R. Civ. P. 8(a)&(e). They may proceed with the contribution claim against James under Missouri law.

Missouri also has the most significant contacts to the applicability of spousal immunity in this case. Normally, the domicile of the spouses, in

4

this case Louisiana, would have the most significant contacts. <u>Restatement Second</u>, § 169. The rule that the spouses' domicile controls does not apply when the claim is brought by a third party. <u>Id.</u>, comment c. That is the situation here because Cavallo and Alexander are bringing the claim. <u>Id.</u> The other contacts in this case weigh heavily in favor of Missouri law. Again, the injury occurred in Missouri; the tortious conduct occurred in Missouri; the relationship between Cavallo, Alexander and James exists because they were involved in the Accident in Missouri. Missouri has an interest in providing remedies for visitors injured within its borders. Thus, again, Missouri law applies.

Missouri has abolished spousal immunity in negligence cases. <u>S.A.V. v. K.G.V</u>, 708 S.W.2d 651, 652 (Mo. 1986). James argues, however, that Missouri applies spousal immunity to bar contribution actions, citing <u>Renfrow v. Gojohn</u>, 600 S.W.2d 77 (Mo. App. 1980). <u>Renfrow</u> was a Missouri Court of Appeals' decision that was decided before the Missouri Supreme Court abolished spousal immunity in <u>S.A.V.</u> This Court must apply the law that the Missouri Supreme Court would apply to this case. <u>See</u> e.g., <u>Hibben v. Nardone</u>, 137 F.3d 480, 482 (7th Cir. 1998). In light of the decision in <u>S.A.V.</u>, this Court finds that the Missouri Supreme Court

would hold that spousal immunity does not bar contribution actions. Cavallo and Alexander may proceed with their contribution claim against James.

THEREFORE, Counter-Defendant James Gary's Motion to Dismiss Count I of Counter-Plaintiffs' Counterclaim for Contribution and Damages (d/e 15) is DENIED.  Plaintiffs may proceed with the contribution claim in Count I, but the claim will be governed by Missouri law.

IT IS THEREFORE SO ORDERED.

ENTER:   January 30, 2009

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE