IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES and JULIA GARY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08-3241 |
| | ) | |
| GEORGE W. ALEXANDER and | ) | |
| CAVALLO BUS LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the question of whether the Plaintiffs James and Julia Gary (collectively the Garys) should be barred from presenting expert testimony from treating physicians if the Garys do not provide Defendants George W. Alexander and Cavallo Bus Lines, Inc. expert reports called for by Federal Rule of Civil Procedure 26(a)(2)(B). This issue was raised at the scheduling conference before United States Senior Magistrate Judge Charles H. Evans. Judge Evans directed the parties to file memoranda on the issue. <u>Minute entry entered March 24, 2009</u>. After a review of the memoranda, this Court and Judge Evans agreed that

1

this Court should resolve the issue because the decision affects whether testimony would be admissible at trial.

This Court holds that Rule 26(a)(2)(B) does not apply to treating physicians who provide opinion testimony formulated in connection with treatment, including opinions on causation, diagnosis, and prognosis. <u>McCloughan v. City of Springfield</u>, 208 F.R.D. 236, 242 (C.D.Ill. 2002). This Court recognizes that there is some disagreement on this issue among the District Courts. See <u>e.g.</u>, <u>Zurba v. United States</u>, 202 F.R.D. 590, 591-92 (N.D.Ill. 2001) (expert report not required), <u>but</u> <u>see</u>, e.g., <u>Thomas v. Consolidated Rail Corp.</u>, 169 F.R.D. 1, 2 (D.Mass. 1996) (expert report required). The Court has reviewed the matter carefully and agrees with the analysis in <u>McCloughan</u>. Thus, this Court will not bar a treating physician from testifying on these matters just because the treating physician has not provided an expert report called for under Rule 26(a)(2)(B).

The Court notes that a party must still disclose the treating physician as an expert witness under Rule 26(a)(2)(A). <u>Musser v. Gentiva Health Services</u>, 356 F.3d 751, 757 (7th Cir. 2004). Hence, the Garys must disclose the treating physicians that they expect will provide expert testimony on causation, diagnosis, and prognosis, but the treating physicians are not

2

obligated to provide expert reports.

IT IS THEREFORE SO ORDERED.

ENTER:   April 24, 2009

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE