IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES and JULIA GARY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  08-3241 |
| | ) | |
| GEORGE W. ALEXANDER and | ) | |
| CAVALLO BUS LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| GEORGE W. ALEXANDER and | ) | |
| CAVALLO BUS LINES, INC., | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES GARY, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## OPINION

This matter comes before the Court on Counter-Defendant James Gary's Motion for Summary Judgment (d/e 91) (Motion).  The Plaintiffs James and Julia Gary bring this diversity action against Defendants Cavallo Bus Lines, Inc. (Cavallo) and its employee and bus driver George Alexander for injuries resulting from a motor vehicle accident in Branson, Missouri,

1

between the Cavallo bus that Alexander was driving and the pick-up truck that James Gary was driving. Julia Gary was a passenger in the pick-up truck at the time of the accident. The Garys are citizens of Louisiana, and Cavallo and Alexander are citizens of Illinois. Complaint (d/e 1) ¶¶ 1-4. The Defendants counterclaimed against James Gary for negligence and contribution for any liability to Julia Gary. James Gary now seeks summary judgment on the Counterclaim. For the reasons set forth below, the Motion is denied. Issues of fact exist regarding the relative fault of the two drivers.

STATEMENT OF FACTS

For purposes of the Motion, the Court must view the evidence in the light most favorable to Cavallo and Alexander. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The Court does so only for purposes of this Motion and acknowledges that James Gary disputes many of the facts recited below.

The accident occurred on November 29, 2006, at approximately 7:00 p.m. at the intersection of Wildwood and Highway 76 in Branson, Missouri (Intersection). Memorandum of Law Supporting Counter-Defendant's Motion for Summary Judgment (d/e 92) (Gary Memorandum), Statement

of Uncontested Facts ¶¶ 1, 2.[1]  Alexander was driving the Cavallo bus south on Wildwood.  James Gary was driving east on Highway 76.  The southbound traffic on Wildwood had a stop sign at the Intersection.  The traffic on Highway 76 did not.  Highway 76 was a major road in Branson and heavily traveled.  Gary Memorandum, Statement of Uncontested Facts ¶ 2.  Highway 76 had one eastbound lane, one westbound lane, one center left-turn lane, and separate right turn lanes in each direction at the Intersection.  Defendants/Counter-Plaintiffs' Response to Counter-Defendant James Gary's Motion for Summary Judgment (d/e 94), Exhibit A, Deposition Exhibits 6-7 to Deposition of Carol Heaton, and Exhibit E, Deposition of Carol Heaton, at 45-46.  Although the evidence was conflicting, some witnesses testified that it was dark and raining at the time of the accident, and James Gary did not have on either his headlights or his windshield wipers.  E.g., Gary Memorandum, Exhibit A, Deposition of George Alexander, at 41, 51; Exhibit B, Deposition of James Gary, at 62.

Alexander stopped at the stop sign.  He waited for about thirty seconds until a westbound driver on Highway 76 flashed his headlights to

---

[1] The Court only relies on statements of uncontested facts that both parties agree are uncontested.

allow Alexander to cross Highway 76. <u>Gary Memorandum</u>, <u>Statement of Undisputed Fact</u> ¶ 4. Alexander pulled the bus into the Intersection in order to cross Highway 76 and continue south on Wildwood. Alexander stopped again when he got to the center lane of Highway 76 and waited until the traffic cleared. <u>Id.</u> ¶ 5. Alexander then pulled the bus into the eastbound lane to cross the final lane of traffic. Immediately thereafter, James Gary's truck and Alexander's bus collided. James Gary was unaware of the bus before the collision occurred. <u>Id.</u> ¶ 15.

Robert McConnell was a passenger on the bus that Alexander was driving. He was seated in the second row on the right side of the bus. McConnell saw James Gary's truck approaching the bus before the accident occurred. He had no trouble seeing the pick-up truck. McConnell testified in his deposition that if the driver of the pick-up truck had been watching the road, he would have stopped before the accident occurred. <u>Gary Memorandum</u>, <u>Statement of Undisputed Fact</u> ¶ 27.

## ANALYSIS

James Gary now moves for summary judgment. At summary judgment, James Gary must present evidence that demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

4

323-24 (1986).  The Court must consider the evidence presented in the light most favorable to Cavallo and Alexander.  Any doubt as to the existence of a genuine issue for trial must be resolved against James Gary. Anderson, 477 U.S. at 255.  Once James Gary has met his burden, Cavallo and Alexander must present evidence to show that issues of fact remain with respect to an issue essential to Cavallo and Alexander's case, and on which they will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In this case, the factual disputes preclude summary judgment.

The parties do not address choice-of-law issues, but both presume that Missouri law controls the question of James Gary's liability on the Counterclaim.  This Court applies Illinois conflict of law principles in diversity cases.  Tanner v. Jupiter Realty Corp., 433 F.3d 913, 915 (7th Cir. 2006).  Illinois follows the Restatement (Second) of Conflict of Laws to determine choice of law issues in tort cases.  Townsend v. Sears, Roebuck and Co., 227 Ill.2d 147, 155, 879 N.E.2d 893, 898 (2007).  The Court agrees that Missouri law controls the issue of liability because the accident occurred on a public roadway in Missouri and no other factors indicate that some other forum has a more significant relationship with the occurrence

and the parties.  Id. at 165; Restatement (Second) of Conflict of Laws § 146, at 430 (1971).

Missouri requires every motorist to exercise the highest duty of care to maintain a careful lookout when entering an intersection.  Zempel v. Slater, 182 S.W.3d 609, 619 (Mo.App. 2005).  In this case, the Garys claim that Alexander breached the duty of care by failing to yield the right of way when Alexander pulled the bus into the eastbound lanes of Highway 76 as their pick-up was just about to enter the Intersection.  The Defendants claim that James Gary was not close to the Intersection at the time that Alexander started to cross the eastbound lanes.  Rather, the Defendants claim that James Gary was sufficiently far from the Intersection when the bus started to cross the eastbound lane that James Gary should have yielded to let the bus exit the Intersection before proceeding through the Intersection.

A relevant portion of Missouri traffic law states:

> [E]very driver of a vehicle approaching a stop intersection, indicated by a stop sign, shall stop . . . before entering the . . . intersection . . .  After having stopped, the driver shall yield the right-of-way to any vehicle which . . . is approaching so closely on the highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.

Mo. Rev. Stat. § 304.351.  Under § 304.351, Alexander had to yield the right of way if the Garys' pick-up truck was "approaching so closely on the highway as to constitute an immediate hazard".  The testimony of McConnell and James Gary create an issue of fact on this point.  McConnell testified that James Gary could have stopped if he had been watching the road.  If so, then the pick-up truck may not have been an "immediate hazard" and Alexander may not have been required to yield the right of way.  James Gary stated that he was not aware of the bus before the accident occurred.  This evidence may support the inference that James Gary failed to keep a proper lookout.  James Gary, thus, may have contributed to the cause of the accident by failing to keep a proper lookout and failing to yield to let the bus pass through the Intersection.  <u>See</u> <u>e.g.</u>, <u>Highfill v. Maier</u>, 379 S.W.2d 191, 193-94 (Mo.App. 1964) (driver in an accident who entered an intersection from street with no stop sign was liable for failing to yield to a driver who entered the intersection first from street with a stop sign).

    James Gary points to extensive evidence that supports his version of events.  The Defendants also cite additional evidence to support their position.  Such evidence only demonstrates that issues of fact exist.  Summary judgment, therefore, is not appropriate.

The parties also ask the Court to strike various statements by witnesses. The Court does not need to address these requests to resolve the Motion. Issues of fact exist regardless of whether the Court considers the evidence to which each party objects. To the extent that the parties want to challenge the admissibility of any evidence at trial, they should file motions in limine.

THEREFORE, Counter-Defendant James Gary's Motion for Summary Judgment (d/e 91) is denied.

ENTERED this _31st day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE